UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:05-CV-00090

SPRING CREEK AIR PARK, INC.            APPELLANT

v.

JOSEPH GOLDEN            APPELLEE

**ORDER AND OPINION**

      This case comes before the Court on Spring Creek Air Park's ("Spring Creek") Appeal from an Order releasing a stay on further proceedings during the pendency of a related action. (Docket # 14). No responsive brief was filed. Having reviewed the parties' filings and the record of the Bankruptcy Court, the Court now AFFIRMS the previous Orders.

      The Bankruptcy Court docket shows that Spring Creek's case was originally dismissed for failure to prosecute. Spring Creek moved the Bankruptcy Court to reinstate the case because their attorney had died. The Bankruptcy Court reopened the case. After a length of time had passed since further proceedings were initiated, the Bankruptcy Court held a status conference. As a result, it again dismissed the case for failure to prosecute. Spring Creek, through new counsel, moved to vacate the dismissal. The new counsel, Ronald E. Hines, was summoned to appear before the Bankruptcy Court to show cause why he did not comply with the Local Rule 6.1 in filing the Motion to Vacate. Spring Creek attempted to cure the noncompliance by filing a proper Motion to Reinstate the case instead. After a hearing and arguments from the Spring Creek and Creditor SRN Enterprises, the Bankruptcy Court denied the Motion to Reinstate the case and remanded the Hearing relating to the Order for Hines to Show Cause. Since then, Hines has withdrawn as counsel for Spring Creek, and Spring Creek has retained new counsel for this

appeal.

Aside from the Bankruptcy Court docket, the case record and the Bankruptcy Court's Orders of Dismissal are scant on the underlying facts of this matter.  In support of its motions to reinstate the case, Spring Creek reveals that the sale of the property subject to this bankruptcy proceeding is opposed in active cases in both the Clinton Circuit Court and the United States Bankruptcy Court.  The Kentucky state court litigation has been uniformly unsuccessful at the Circuit Court, Court of Appeal, and state Supreme Court level, though Spring Creek intends to apply to the United States Supreme Court for relief and exhaust its appellate remedies.  A related case, *In re L.D.R.*, remains pending in the United States Bankruptcy Court.  This Court issued a stay of some actions related to the *L.D.R.* proceedings which has now been released.  Spring Creek appealed the release of the *L.D.R.* stay to the United States Court of Appeal for the Sixth Circuit.

Spring Creek claims that it believed the *L.D.R.* stay, now released, prohibited the dismissal of the Bankruptcy Court matter appealed here.  Spring Creek has not indicated that either this Court or the Court of Appeals for the Sixth Circuit has granted a stay during the pendency of the appeal.  Therefore, the Bankruptcy Court is free to make rulings in a matter which is not stayed.  Spring Creek also suggests that the dismissal may have been improper because other related cases were pending at the time.  However, this Court is not persuaded that the mere pendency of related actions necessarily requires a Bankruptcy Court to abstain from ruling, particularly where the Court has held that a stay on the lower Court's judgment is not necessary at this time.

Spring Creek also asks this Court to review our withdrawal of the stay issued in the

*L.D.R.* case.  The Court may only review its judgments to withdraw a stay through Motions to Vacate or Reconsider or through a Motion for a Stay Pending Appeal.  In order to be properly filed, these Motions must be made in the same action before the Court in which the stay was originally entered and withdrawn.  Thus, Spring Creek's request that the Court review a stay granted and withdrawn in separate action before it is improper.  The Court, not having jurisdiction to review this matter, makes no judgment on it.

     For the above reasons, the Court now AFFIRMS the Bankruptcy Court's judgment in the instant case to dismiss the action and its refusal to reinstate proceedings.  The Court declines to rule on its withdrawal of a stay in the *L.D.R.* matter.